STOEL *v.* CHARLEVOIX TOWNSHIP UNIT SCHOOL
DISTRICT NO. 1.

1. Schools and School Districts—Teacher's Contracts—Certificates—Statutes.

   The purpose of the statute requiring that in order for a teacher's contract to be valid the person hired as a teacher "shall hold a legal certificate of qualification at the time the contractual period shall begin" was to guard against the employment of teachers who were not qualified to teach (CL 1948, § 352.22).

2. Same—Teacher's Contracts—Certificate—Statutes.

   The statute requiring that person hired as a teacher "shall hold a legal certificate of qualification at the time the contractual period shall begin" did not prohibit the school board of predecessor school district from entering into a valid contract with plaintiff as teacher that was binding upon the consolidated dis-

---

References for Points in Headnotes

[1] 47 Am Jur, Schools, §§ 109, 110.
[2] 47 Am Jur, Schools § 118.
[3] 47 Am Jur, Schools § 141 *et seq.*

trict, where she did not then have such a certificate but the board was advised by the county superintendent of schools that plaintiff had the qualifications, that a special certificate would be issued to her and told the board to hire her, a contract was entered into which the board intended to fulfill, and no fraud was perpetrated upon the board by either the plaintiff or the county superintendent who was attempting to meet the emergency, a special 1-year certificate being issued later to plaintiff (CL 1948, § 352.22).

3. SAME—TEACHER'S CONTRACT—PERFORMANCE—CONSOLIDATED DISTRICT.

Judgment for plaintiff, hired as a teacher by predecessor school district under a valid contract, against successor consolidated district for entire unpaid balance, with interest and costs, is affirmed, without the teacher having held herself in readiness to perform, since there was no duty placed upon her to periodically and continuously demand that the contract be honored, where she had received information from defendant that the contract would not be recognized (CL 1948, § 352.22).

Appeal from Charlevoix; Brown (Charles L.), J. Submitted December 19, 1957. (Docket No. 104, Calendar No. 47,083.) Decided March 4, 1958.

Action by Carrie Stoel against Charlevoix Township Unit School District No. 1, a municipal corporation, for sums due on teacher's contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*James R. Zerafa,* for plaintiff.

*Norman D. Ance,* for defendant.

KELLY, J. Plaintiff brought an action for breach of contract, entered into with Marion Center School No. 9 under date of August 29, 1953, to teach school for 9–1/2 months for $2,250, said sum to be paid at the rate of $250 per month.

Plaintiff commenced teaching on September 8, 1953. By an election held on September 9, 1953, it was decided that the Marion Center School District

should be consolidated with defendant and appellant, Charlevoix Township Unit School District No. 1, and such consolidation called for defendant to become liable for the debts and obligations of the Marion Center School No. 9.

Defendant refused to recognize or honor the contract entered into between plaintiff and Marion Center School No. 9 because "the plaintiff did not hold a legal certificate of qualification for teaching school from the Michigan department of public instruction as required by the provisions of  *  *  *  [CL 1948, § 352.22 (Stat Ann 1953 Rev § 15.394) ], and that by the terms of said statute, the said alleged contract is and always has been invalid and the plaintiff acquired no rights thereunder."

CL 1948, § 352.22 (Stat Ann 1953 Rev § 15.394), relied upon by defendant as its right to refuse to recognize plaintiff's contract, reads as follows:

"Sec. 22. All contracts with teachers shall be in writing and signed by a majority of the board in behalf of the district.  *  *  *  No contract with any person shall be valid unless such person shall hold a legal certificate of qualification at the time the contractual period shall begin, and all such contracts shall terminate if the certificate shall expire by limitation and shall not immediately be renewed."

In his opinion the Hon. Charles L. Brown, circuit judge for the county of Charlevoix, stated that the question presented to him to decide was as to "whether or not the plaintiff, having entered into and received a written contract of employment with the Marion School Board No. 9, after having taken all the steps it was possible for her to take to obtain a special certificate to teach in the elementary grades, and after having been advised by the legal representative, that is, the county superintendent of schools of Charlevoix county, that she should report for

work and teach, that her application for special certificate would be forwarded by the county superintendent of schools (who is the only one authorized to make an application, as such application cannot be made by the teacher herself), and having entered into said contract and taught for 1 week in pursuance of said contract, and having received $50 payment on the contract by the Marion School Board No. 9, and being available for teaching throughout the entire school year provided for in said contract, and after the school authorities of Charlevoix county had full knowledge that a special certificate had been issued by the Michigan department of public instruction, division of higher education and teachers' certification, is barred from recovering on said contract because at the time the written contract of August 29, 1953, was entered into she was not then in possession of a valid special certificate and, further, because the school for which the special certificate had been issued in order that plaintiff might teach in said school had been consolidated with defendant school district and all the pupils of the Marion school district which plaintiff taught had been transferred to or absorbed in other schools of the Charlevoix school system, making her services no longer needed in that particular school district, the election and the consolidation of the 2 districts having taken place prior to the issuance of such special certificate by the Michigan department of public instruction, division of higher education and teachers' certification."

The trial court accurately set forth the question presented to him, and the same question is presented to this Court plus the correctness of the trial court's decision and judgment holding defendant liable under the contract.

In deciding the question presented, the trial court in his opinion stated:

"Plaintiff was not at the time the written contract was entered into in possession of a valid certificate or special certificate to teach, when the need was very definite, very apparent; school was opening in less than 2 weeks, no teacher had presented herself or himself who was in possession of a valid certificate; the school authorities of the Marion school board of education were assured that plaintiff had the qualifications, that a special certificate would be issued to her; that this information was given them by the county superintendent of schools, who was the only one who could possibly have give them such information; that they had a right to rely upon such information being given them by the authorized county superintendent of schools, who told them to hire the teacher, to give her a contract; and acting on such information from such source they did enter into a valid and binding contract, which they intended to fulfill, had it not been for the consolidation election, of which they had no notice at the time of entering into the contract that such election was contemplated; and the defendant school board members knew when they accepted the books and records and money from the Marion school district that the Marion school district had hired a teacher, were notified the teacher had a written contract, and knew their obligation to assume all obligations of the Marion School District No. 9 when they accepted their students after the consolidation election. * * *

"When the defendant school district assumed the obligations of Marion School Board No. 9, the contract was signed and performed, insofar as plaintiff was able to perform; it was recognized and ratified by part payment of $50 to plaintiff by the Marion School Board No. 9, and it is the opinion of this court that the contract was then valid and enforceable. Therefore, the fact that the consolidation election took place before the issuance of plaintiff's exhibit No. 3 (special certificate) did not affect the validity of the contract in any way.

"For the above reasons a judgment for $2,200, plus interest and costs, is hereby awarded to plaintiff, and an entry may be made accordingly."

Appellant asks this Court to sustain the purposes of CL 1948, § 352.22 (Stat Ann 1953 Rev § 15.394), the teacher contract statute, above referred to. In this statute the legislature was guarding against the employment of teachers who were not qualified to teach, and as a test to qualification stated that "at the time the contractual period shall begin" said teacher "shall hold a legal certificate." This statute did not prohibit the board of the Marion Center School District from entering into the contract with plaintiff on August 29, 1953. No fraud was perpetrated by plaintiff on said board. No fraud was perpetrated upon the head county representative of the educational system of the entire State of Michigan by any member of the Marion Center School District.

The month of August had been about completed and September would start another school year. An emergency existed because children would be returning to school who could not be taught because there was no teacher available. To meet this emergency the superintendent of schools made known to his superior his problem and the availability of plaintiff's services. No one claims plaintiff made any misstatements in this regard. After examination, the authorities found her to possess qualifications, which, with some additional training, would give her a certificate as required by law.

Plaintiff complied with these requirements, and it is interesting to note in this case that in the following month of October plaintiff received the special 1-year certificate from the State Board of Education bearing date September 16, 1953,—a certificate that meets all the requirements of the statute.

We agree with the trial court that the record in this case discloses that if there had not been consolidation of school districts, not only would this contract have been honored by the school district who drew it and not only would said contract be recognized as legal and binding, but the authorities of the State, county, and school district, would have been complimented for the action which was taken under the emergency as it then existed.

Defendant in this record does not directly or indirectly challenge the certificate that was issued to plaintiff, which certificate met the statutory requirements.

We are affirming the trial court's "judgment for $2,200, plus interest and costs, is hereby awarded to plaintiff."

Plaintiff received information from defendant that the contract would not be recognized, and there was no duty placed upon her to periodically and continuously demand that the terms of the contract be honored. Therefore, there is no merit in defendant's claim that plaintiff was guilty of laches or failure to hold herself in readiness to perform.

Judgment affirmed, costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.